13-958; 14-964
*Mpala v. City of New Haven*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of August, two thousand fourteen.

PRESENT:
> **JOSÉ A. CABRANES**,
> **DENNY CHIN**,
> **RAYMOND J. LOHIER, JR.**,
> *Circuit Judges.*

---

Zeewe Dakar Mpala,

> *Plaintiff-Appellant*,

v.                                                                                    13-958; 14-964

City of New Haven, Maria Tonelli, Municipal Librarian, Individual Capacity,

> *Defendants-Appellees*,

Illingsworth, Badge 59 (WASP) New Haven Police Officer (former), Robinson, Badge 504 (Colored) New Haven Police Officer,

> *Defendants.*

---

**FOR PLAINTIFF-APPELLANT:**          Zeewe Dakar Mpala, *pro se*, New Haven, CT.

**FOR DEFENDANTS-APPELLEES:**     Victor A. Bolden, Roderick Ryan Williams, New Haven Office of the Corporation Counsel, New Haven, CT.

Appeal from the February 28, 2013 judgment and the March 24, 2014 order of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).[1]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order are **AFFIRMED**.

Appellant Zeewe Dakar Mpala, proceeding *pro se*, appeals from the February 28, 2013 judgment of the District Court granting the defendants' motion to dismiss Mpala's 42 U.S.C. § 1983 action for failure to state a claim, and the March 24, 2014 denial of his motion to reconsider that judgment. We assume the parties' familiarity with the factual and procedural history of the case, and the issues on appeal.

We review *de novo* the dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The only issues Mpala has raised on appeal are whether: (1) the District Court erred by failing to consider the surveillance film of the incident; (2) Mpala adequately alleged an equal protection claim based on library employee Maria Tonelli's treatment of similarly situated individuals; and (3) the City of New Haven (the "City") was liable for Tonelli's conduct.

Each of Mpala's arguments is unavailing. Mpala claims that the surveillance film showed that Tonelli's explanation for Mpala's removal from the library was "fabricated." Even assuming that the film showed what Mpala claims, it would not have resolved his failure to: (1) identify the

---

[1]     The appeals in 13-958 and 14-964 are consolidated for purposes of this appeal.

due process he was denied; (2) adequately allege that similarly situated individuals were treated differently;[2] (3) adequately allege that his speech was protected by the First Amendment or that it was chilled; or (4) adequately allege that the City was liable under *Monell v. New York City Dep't of Social Servs. of New York*, 436 U.S. 658 (1978).

Mpala's argument regarding the City's liability for Tonelli's conduct is best characterized as a *respondeat superior* theory. It is well established that "'a municipality cannot be made liable' under § 1983 for acts of its employees 'by application of the doctrine of *respondeat superior*.'" *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986)).

We have considered all of Mpala's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment and order of the District Court. Any pending motions in either appeal are **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Mpala has not pleaded facts sufficient to state a plausible equal protection claim.

3